WESTERN ASSURANCE COMPANY v. WELLS, FARGO & COMPANY.[1]

June 13, 1919.

No. 21,236.

**Carrier — alternative rates on interstate commerce — declared value on shipment.**

> Under the Cummins Amendment of August 9, 1916, to the Interstate Commerce Act (U. S. Comp. St. 1916, § 8604a), a common carrier of interstate commerce is required to obtain, by order of the Interstate Commerce Commission, the right to adopt alternative rates based on declared values of the shipment, and, the carrier not having done so, the shipper is not restricted, in an action to recover for loss of the shipment, to such declared value.

Action in the district court for Ramsey county to recover $1,547.99. The facts are stated in the opinion.

Among other matters the answer alleged that the shipment of merchandise was tendered to, received and carried by defendant subject to its classifications and tariffs in effect on the date of the shipment, and upon certain terms and conditions embodied in an agreement in writing for the carriage of the shipment, which was attached to and formed a

[1]Reported in 173 N. W. 402.

part of the receipt given to the shipper by defendant, and was duly agreed upon and accepted by the shipper at the time of shipment; that the receipt and terms and conditions of carriage of the shipment were embodied in a certain book of receipts having those terms and conditions of carriage printed on the inside front cover thereof, a copy of which receipt and a copy of which terms and conditions of carriage were incorporated in the answer.

The answer further set up that defendant was authorized by order of the Interstate Commerce Commission to establish rates for the transportation of furs which were dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of such property; that at the time in question defendant's charge for the transportation from St. Paul to Winifred, Montana, of a shipment of furs of a value not exceeding $50 and weighing 24 pounds was $1.29, and the charge for the transportation of a shipment of furs valued at $1,547.99, and weighing 24 pounds, was $2.79, and at the time the shipper had actual notice that defendant's charges for carrying such property were based upon the character of the property, of which its value was an element.

The answer also set up the condition of the contract of shipment which is quoted in the seventh paragraph of the opinion, and alleged that at no time prior to the presentation to defendant of the claim of the shipper for the loss of the shipment did defendant have any knowledge or information sufficient to form a belief as to the specific character of the merchandise in the package or as to its actual value, or as to whether the same was worth in excess of $50, and on information and belief alleged that the shipper intentionally omitted stating in writing or otherwise to defendant the actual value of the shipment for the purpose of obtaining the benefit of defendant's tariff charge on shipments not exceeding $50 in value.

The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff for $50. From an order denying its motion to amend the findings and conclusions or for a new trial, plaintiff appealed. Reversed.

*Moore, Oppenheimer & Peterson,* for appellant.
*Davis, Severance & Olds,* for respondent.

QUINN, J.

Plaintiff is an insurance company, the defendant is a common carrier of express for hire, and E. Albrecht & Son are fur merchants at St. Paul, Minnesota. Albrecht & Son make many shipments by express. Defendant had provided them with a blank form receipt book for the purpose of receipting therein for parcels to be shipped by it. On November 18, 1916, Albrecht & Son placed three fur coats of the value of $1,547.99 in a box 12x24x36 inches in size and weighing 24 pounds, properly addressed to the consignee at Christina, Montana. The value of the coats was not marked on the box, nor was the defendant informed of such value.

On that day defendant's representative called for the package, receipting for the same in the book referred to. The shipper's clerk prepared the receipt, but did not fill in the spaces as to the value or contents of the package. Nor did the defendant's agent inquire about the same. The package was then delivered to the defendant's shipping clerk who made out the waybill and indorsed thereon, box of furs, value not given. He then looked up the shipping rates and found the same to be $1.29 on the basis of a valuation of $50. Had the alleged value of the package been given the rate would have been $2.79.

There was no express agency at Christina, and the defendant shipped the package to its agency at Winifred, Montana, the nearest and most convenient express agency to Christina. The package arrived at Winifred in due season, but before the consignee was notified of its arrival it was destroyed by fire on November 27, 1916, while in defendant's warehouse. Albrecht & Son carried insurance with the plaintiff against loss or damage arising from the perils of shipping furs by express, and thereafter plaintiff paid them $1,547.99 on account of such loss, and took an assignment of the claim and demand against the defendant for the value of the lost package.

Plaintiff bases its claim and right to recover in this action upon the assignment by Albrecht & Son of their claim against the defendant express company for $1,547.99, the alleged value of the furs lost through the negligence of the defendant and the breach of its contract of carriage. The trial court made findings and ordered judgment against the defendant for the sum of $50, with costs and disbursements. Plaintiff moved

for an order amending the findings and conclusions, which was denied, and from an order denying its motion for a new trial brought this appeal.

There is no dispute but that the shipment was an interstate shipment and that the provisions of the Interstate Commerce Act apply. It is contended on behalf of the plaintiff that defendant is liable for the value of the lost package under the so-called Cummins Amendment, and that in no event could defendant's liability be limited to less than the amount of the value of the shipment, in the absence of an order of the Interstate Commerce Commission authorizing the making of rates based on an agreed or declared valuation; that no such order had been promulgated at the time of the shipment or loss. It further contends that in no event would there be a limitation of liability to a less amount than the value of the lost articles where the consignment was destroyed by fire caused through negligence of the carrier.

Upon the other hand, the defendant contends that the express receipt given to Albrecht & Son constituted a valid contract in which there was a limitation of liability on its part to $50, that such limitation of liability was authorized by an order of the Interstate Commerce Commission issued prior to the amendment of March 4, 1915, and that the form of the receipt referred to was as follows: "Wells, Fargo & Co. Express at * * * Received from * * * the shipments hereinafter listed, subject to the Classifications and Tariffs in effect on the date hereof, which shipments the Company agrees to carry upon the terms and conditions printed on the inside front cover of this book, to which the shipper agrees, and as evidence thereof accepts this receipt. NOT NEGOTIABLE."

Below such printed matter the page was ruled vertically dividing it into several columns for the date, description of article, value, consignee, destination, charges, C. O. D. and signature of company. Upon it appeared the date, the name of consignee, destination and the signature of defendant's representative who receipted for the package. The other columns, including those for the value and description, were left blank. Among the terms and conditions printed on the inside front cover of the receipt book referred to appeared the following:

"The rate charged for carrying said property is dependent upon the

actual value of the property, which must be specifically stated in writing by the shipper, and applies only upon property of an actual value not exceeding Fifty dollars for any shipment of 100 pounds or less, or not exceeding Fifty cents per pound, actual weight, for any shipment in excess of 100 pounds. If the actual value is greater than Fifty dollars for any shipment of 100 pounds or less, or exceeds Fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, such actual value must be specifically stated in writing by the shipper, and excess charges for such greater value must be paid therefor in accordance with the lawfully published tariffs of the Company."

The rights and liabilities of the parties to this action depend upon the construction to be placed upon the Act of Congress of June 29, 1906, and the amendments thereto regulating interstate commerce. By the amendment of March 4, 1915, known as the Cummins Amendment, it was provided that: "No contract, receipt, rule, regulation, or other limitation of any character whatsoever shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier * * * shall be liable * * * for the full actual loss, damage, or injury to such property * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt, or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void."

It is obvious from a reading of the foregoing amendment that it was the purpose of Congress to abolish the rule established by the courts restricting liability to the valuation upon which the rate paid was based. McCaull-Dinsmore Co. v. Chicago, M. & St. P. Ry. Co. 252 Fed. 664; In re Cummins Amendment, 33 I. C. C. 682. Under that amendment the contract upon which the defendant claims the plaintiff's damages were limited in this case, was void and of no effect. The Cummins Amendment was conditionally qualified by a subsequent act of Congress passed August 9, 1916. U. S. Comp, St. 1916, § 8604a.

As bearing upon this amendment the holding of the Interstate Commerce Commission in Williams Co. v. Hartford & N. Y. Transp. Co.

48 I. C. C. 269, decided January 7, 1918, seems to be decisive of the case at bar. It is there stated that: "By the amendment of August 9, 1916, the proviso last referred to was amended so as to provide that the provisions respecting liability for full actual loss, damage, or injury and declaring any limitation thereof to be unlawful and void shall not apply to baggage or to property, except ordinary live stock, on which the carrier has been or shall thereafter be authorized or required by order of the commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section 10 of the act. The rates assailed were in effect on August 9, 1916. No authority has been granted by us for their publication in terms of value."

Under this rule the plaintiff in this action is entitled to recover the full value of the lost package regardless of the contract limitation relied upon by the defendant, unless it appears that the Interstate Commerce Commission, prior to the shipment, had made an order authorizing the carrier to enter into a contract limiting its liability in this particular class of cases. It follows that the defendant being required to obtain, by order of the Interstate Commerce Commission, the right to adopt alternative rates based on declared or stated values of the shipment, and it not appearing to have done so, the decision that the plaintiff is restricted in its recovery to such stated value of the shipment, is not warranted by the facts in the case and a new trial must be granted. Reversed.

On July 18, 1919, the following opinion was filed:

PER CURIAM.

In denying defendant's application for a rehearing in this cause we take occasion to say, that there may be no misunderstanding as to the position of the court in the matter, that in our view of the question a prospective operation and effect must be given to the clause found in the Cummins Amendment of August 9, 1916, to the effect that the declared liability of the carriers for the actual loss shall not apply to contracts of limitation authorized by order of the Interstate Commerce Commission.

143—M. 5

That proviso or exception should not be construed to apply to orders made by the commission prior to the amendment of March 4, 1915.

The application for rehearing is denied. Plaintiff's application for modification of the opinion is also denied.